AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
4/28/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
April 28, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VM _____ DEPUTY

|  |  |
|---|---|
| United States of America | |
| v. | Case No.   2:21-mj-02096 -DUTY |
| MARKEE NORSHOAN ALLEN, | |
| Defendant. | |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 27, 2020, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

Telephone attestation

_____
*Complainant's signature*

David Gonzalez, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  April 28, 2021

_____
*Judge's signature*

City and state:  Los Angeles, California

Hon. Michael R. Wilner, U.S. Magistrate Judge
*Printed name and title*

AUSA: Anna Farias-Eisner, x2170

## **AFFIDAVIT**

I, David Gonzalez, being duly sworn, declare and state as follows:

### I. **PURPOSE OF AFFIDAVIT**

1.  This affidavit is made in support of a criminal complaint and arrest warrant against Markee Norshoan ALLEN ("ALLEN") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

2.  The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. **BACKGROUND OF SPECIAL AGENT DAVID GONZALEZ**

3.  I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to Los Angeles Field Division.  I have completed the 12-week Criminal Investigator Training Program and the 12-week Special Agent Basic Training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia.  I have also received specialized training while attending the academies at FLETC concerning violations of the

Gun Control Act within Title 18 of the United States Code and violations of the Controlled Substance Act within Title 21 of the United States Code. That specialized training covered topics such as surveillance, interviewing, warrant writing, evidence handling, arrest procedures, search procedures, and testifying in court. Since April 2018, I have actively participated in a high volume of cases involving prohibited persons possessing firearms, persons trafficking firearms and controlled substances, persons possessing illegal firearms, and persons affiliated with gang activity. I have also interviewed confidential informants, witnesses, cooperating defendants, criminal defendants, and other persons engaged in violations of federal law. Prior to my employment with ATF, I was a Special Agent with Homeland Security Investigations ("HSI") for approximately two years. As an HSI Special Agent, I conducted criminal investigations of federal violations of law, such as human trafficking, alien smuggling, weapons trafficking, and bulk currency smuggling. Prior to my employment with HSI, I was a United States Border Patrol ("USBP") Agent for approximately ten years. As a USBP Agent, I enforced immigration and criminal law between the Ports of Entry into the United States. Some of these violations included but were not limited to illegally crossing into the United States without admission or inspection, alien smuggling, human trafficking, bulk currency smuggling, and criminal alien apprehension and prosecution. I served as a Drug Enforcement Administration ("DEA") Task Force Officer from May 2011 to May 2014 in which capacity I enforced federal criminal

iii

controlled substances violations such as the sale or possession with intent to distribute cocaine, heroin, methamphetamine, and fentanyl.  During my time as a law enforcement officer, in the ATF Los Angeles Field Division, HSI Los Angeles Field Division, and USBP San Diego Sector, I have participated in over 500 operations in collaboration with other federal agencies, federal joint task forces and state and local police involving the investigation of violations of firearms, arson, and narcotics laws.

### III.  <u>SUMMARY OF PROBABLE CAUSE</u>

4.   On December 27, 2020, Los Angeles Police Department ("LAPD") Officers arrested ALLEN following a vehicle traffic stop in Los Angeles, California.  Record checks revealed ALLEN to be on state formal probation with search conditions and federal supervised release with search conditions.  Officers conducted a search of the vehicle and recovered a loaded Ruger pistol from under the driver's seat.

### IV. <u>STATEMENT OF PROBABLE CAUSE</u>

5.   Based on my review of law enforcement reports, body worn camera footage, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A.   **ALLEN was Stopped for Traffic Violations**

6.   On December 27, 2020, LAPD officers in full uniform and driving a marked LAPD vehicle were patrolling the area of Broadway and 62nd Street in Los Angeles, due to the high volume of aggravated assaults and gang activity in the area.

7.   At approximately 6:15 p.m., the officers observed a Chevy Impala bearing California license plate 7XOC770 make a northbound turn onto Broadway Street without stopping at a stop sign in violation of California Vehicle Code Section 22450(a). The officers conducted a U-turn in order to perform a traffic stop for the violation.  Officers observed the vehicle continue north on Broadway before making a westbound turn onto 61st Street driving through a solid red traffic light in violation of California Vehicle Code Section 21453(a).  When the officers turned onto 61st street, the officers observed ALLEN walking away from his vehicle.  The officers exited their patrol vehicle and asked defendant to stop walking.

**B.   ALLEN was Subject to Search Conditions**

8.   The officers asked ALLEN if he was on probation or parole, and ALLEN responded, "I'm on federal," which he later clarified to mean "federal detainment."

9.   One officer detained ALLEN for the traffic violations, while the other officer returned to the patrol car to conduct a wants and warrants check on ALLEN.  When the officer returned from conducting the check, he told ALLEN that he was on formal probation with search conditions and that the officers were going to search his car.

10.  Officers conducted a search of ALLEN's vehicle and observed the barrel of a firearm under the driver's seat.  LAPD Officer Housos recovered a Ruger pistol, Model SR40C, bearing serial number 343-20795, and rendered it safe.  Officer Housos

also recovered a magazine from inside the firearm, which contained fifteen rounds of .40 caliber ammunition.

**C.   ALLEN's Statements**

11.   When the officers asked ALLEN if he was on probation or parole, ALLEN informed the officers "I'm on federal . . . not federal probation.  Federal court."  He later clarified that he is on "federal detainment."

12.   After the officers conducted a background check of ALLEN and told ALLEN that he was on formal probation with search conditions, ALLEN responded, "ya I'm on formal probation."  The officers informed ALLEN, "why were you saying we're not going to search your car?  You know that's part of your search conditions . . . any search or seizures.  You're on formal probation."

13.   ALLEN also stated, "Look I'm going to be 100 with you. It's a clean strap."[1]  The officers interrupted ALLEN to inform him that he had not been read his <u>Miranda</u> warnings yet.  ALLEN was placed into the back of the patrol car.

14.   The officers informed ALLEN that, if he wished, he could call a family member to move his car rather than it being impounded at the police station.  ALLEN called a family member. During the telephone call, ALLEN made a statement to the family member that he was being arrested for his "little weapon."

15.   When ALLEN was at the police station, Officer Isidro read ALLEN his Miranda rights via LAPD form 15.03.00.  ALLEN

---

[1] Based on my training and experience, I know that a "strap" is slang or coded language for a firearm.

informed officers he understood his rights and did not wish to talk to the officers at that time.

### D.   ALLEN's Criminal History

16.   On April 20, 2021, I reviewed criminal history reports and certified conviction records for ALLEN and learned that ALLEN has been previously convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

a.   On March 30, 2015, ALLEN was convicted of two counts of attempted possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), in the United States District Court for the District of Alaska, Case Number 3:14-CR-19-SLG, and sentenced to 60 months' imprisonment followed by four years of supervised release; and

b.   On or about February 6, 2020, ALLEN was convicted of identity theft and grand theft auto, in violation of California Penal Code Sections 530.5(A) and 487(D)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number PA093349, and sentenced to three years' formal probation.[2]

### E.   Interstate Nexus

16.   On April 15, 2021, I, as an ATF Interstate Nexus Expert, examined the Ruger pistol, Model SR40C, bearing serial number 343-20795, and confirmed that it was manufactured outside

---

[2] Additionally, on May 8, 2020, ALLEN admitted to supervised release violations and the United States District Court for the Central District of California modified his federal terms and conditions of supervised release, in Case No. 2:18-CR-793-CJC.

of the State of California.  I also examined the 15 rounds of .40 caliber ammunition marked with the headstamp "FEDERAL 40 S&W," and confirmed that the ammunition was manufactured outside of the State of California.  Because the firearm and ammunition were found in California, I believe that it has traveled in and affected interstate commerce.

## V.  <u>CONCLUSION</u>

17.  For the reasons described above, there is probable cause to believe that ALLEN has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this <u>28th</u> day of <u>April</u>, 2021.

_____
THE HONORABLE MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE